The document below is hereby signed.

Signed: February 18, 2010.



_S. Martin Teel, Jr._____

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STUART MILLS DAVENPORT, | ) | Case No. 09-00772 |
| | ) | (Chapter 13) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER OVERRULING
OBJECTION TO PROOF OF CLAIM FILED BY OSHA

The debtor has objected to the proof of claim, assigned
number 10 on the claims register, for $1,500.00 filed by U.S.
Department of Labor-OSHA, stating:

1.    Claimant OSHA filed the above-referenced Proof of Claim
      on September 29, 2009.  Claimant filed no attachments
      to its proof of claim that would tend to prove Debtor
      was personally responsible for this claim.

2.    The proof of claim itself offers no evidence that
      Debtor is personally liable on the claim.

3.    Debtor argues that, absent proof of his personal
      responsibility, Claimant's claim should be denied in
      the instant case.

OSHA has not responded.  The debtor does not assert that he is

not personally liable on the debt.  The proof of claim is prima

facie correct.  Fed. R. Bankr. P. 3001(f).  The debtor's pleading

burden is affirmatively to state non-conclusory facts

demonstrating that the claim is invalid.  He does not even come

out and state that the debt is not owed.[1]  Unless the debtor

affirmatively contends that he is not personally liable on the

debt, he has not stated a valid objection to the claim, and there

is no need to take evidence.  It is thus

ORDERED that the Debtor's Objection to the Proof of Claim

Filed by OSHA (Dkt. No. 54, filed January 7, 2010) is OVERRRULED

without prejudice to filing an amended objection to claim stating

a valid basis of objection.

[Signed and dated above.]

Copies to: Debtor; Debtor's Attorney; Chapter 13 Trustee;

U.S. Department of Labor-OSHA
1099 Winterston Road # 140
Linthicum, MS 21090-2218

---

[1]  Even if he had done that, the burden would still remain
for him to produce evidence that rebuts the prima facie
correctness of the claim.  An affidavit stating in conclusory
terms that the debtor is not personally liable for the debt would
not satisfy that burden.